Oren J. Warshavsky (OW-9469)
**GIBBONS, DEL DEO, DOLAN,**
**GRIFFINGER & VECCHIONE**
A Professional Corporation
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Tel (212) 649-4700
Fax: (212) 333-5980

*Attorneys for Plaintiff*
*Russian Entertainment Wholesale, Inc.*
*d/b/a St. Petersburg Publishing House*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RUSSIAN ENTERTAINMENT
WHOLESALE, INC. d/b/a ST. PETERSBURG
PUBLISHING HOUSE

v.

CLOSE-UP INTERNATIONAL, INC. and
NATASHA GANEM

Civil Action No. **CV-05  4073**

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff Russian Entertainment Wholesale, Inc. d/b/a St. Petersburg Publishing House,

by its attorneys Gibbons, Del Deo, Griffinger, Dolan & Vecchione, P.C., as and for its Complaint

against Close-Up International, Inc. and Natasha Ganem hereby alleges as follows:

### I.      Jurisdiction and Venue

1.      This is a civil action for (1) declaratory judgment arising under the laws of the

United States, 28 U.S.C. § 2201; (2) unfair competition under the Lanham Act, 15 U.S.C. § 1051

*et seq.*; (3) tortious interference with contractual relations, under the laws of the state of New York and (4) tortious interference with prospective economic advantage, under the laws of the state of New York.

2.     Plaintiff Russian Entertainment Wholesale, Inc. d/b/a St. Petersburg Publishing House (hereinafter "St. Petersburg" or "Plaintiff") is a corporation organized and existing under the laws of the State of New York. Its principal offices are located at 230 Brighton Beach Avenue, Brooklyn, New York.

3.     Upon information and belief, Defendant Close-Up International, Inc. ("Close-Up") is a corporation organized and existing under the laws of the State of New York, with its principal offices at 160 Bay Ridge Parkway, #3, Brooklyn, New York 11209, 140 58th Street, 10E, Brooklyn, New York, 11220 and 402 Marine Ave., #1B, Brooklyn, New York, 11209

4.     Upon information and belief, Defendant Natasha Ganem ("Ganem") is an individual residing at 160 Bay Ridge Parkway, #3, Brooklyn, New York 11209.

5.     St. Petersburg's first cause of action for declaratory judgment, seeking a declaration that it does not infringe one or more copyrights that Close-Up alleges ownership of, is brought upon claims arising under the Copyright Act, 17 U.S.C. § 101 *et seq.*, conferring subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

6.     St. Petersburg's second cause of action, that the conduct of Close-Up and Ganem amount to unfair competition pursuant to 15 U.S.C. §1125, is brought upon claims arising under the Lanham Act, 15 U.S.C. § 1051 et seq., conferring subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

- 2 -

7.     St. Petersburg's fourth cause of action, that the conduct of Close-Up and Ganem amount to tortious interference with contract, is brought upon claims arising under the laws of the state of New York.  This cause of action arises under many of the same facts, events, circumstances and omissions as those which give rise to the first, second and third causes of action, and, as such, are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, and, therefore, jurisdiction is conferred pursuant to 28 U.S.C. § 1367.

8.     St. Petersburg's fifth cause of action, that the conduct of Close-Up and Ganem amount to tortious interference with prospective economic advantage, is brought upon claims arising under the laws of the state of New York.  This cause of action arises under many of the same facts, events, circumstances and omissions as those which give rise to the first, second and third causes of action, and, as such, are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, and, therefore, jurisdiction is conferred pursuant to 28 U.S.C. § 1367.

9.     This Court has personal jurisdiction over Close-Up and Ganem, as each reside in this judicial district and each undertake significant commercial activity in this judicial district.

10.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because both defendants reside in this judicial district, Close-Up is a citizen in this judicial district, and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

- 3 -

## II.     Facts Common to All Causes of Action – The Parties: St. Petersburg

11.     In 1992, The Rigma America Corporation ("Rigma"), which for all purposes herein is the predecessor to St. Petersburg, and also did business as St. Petersburg Publishing House, formed as a small company selling Russian language books. At first, this was merely a table that was set up on the street and in flea markets, and selling through catalogues.

12.     In 1998, St. Petersburg Publishing House opened in Brighton Beach. At this point, St. Petersburg was selling Russian language books, Russian language videos and Russian language music.

13.     Since its inception St. Petersburg built its consumer offerings by constantly analyzing the market, scrutinizing Russian periodicals, and examining Russian book reviews and other specialized literature. Based on its evaluations, made on a product by product basis, St. Petersburg continued to increase.

14.     Today, St. Petersburg's inventory includes nearly 10,000 items from Russia's leading publishers.

15.     Beginning in 1998, St. Petersburg also began to become a cultural center for Russian speaking individuals.     This includes sponsoring Russian language newspapers, magazines and radio shows. This also includes educational programs for new immigrants. St. Petersburg helped launch film festivals and arranged to bring Russian celebrities and Russian corporate personalities to its store.   Indeed, St. Petersburg attempts to have all Russian performers and artists that visit New York come to St. Petersburg's largest store in Brighton Beach.

- 4 -

16.     Because of the recognition that St. Petersburg was the first company to successfully accommodate the population of Russian immigrants in the United States with Russian language books, it was approached by Kinovideoobyedineie Krupny Plan ("Krupny Plan") for the purpose of distributing videocassette versions of the films owned by Federal State Unitary Enterprise Kinokontsern Mosfilm ("Mosfilm"), Russia's largest movie studio.

17.     In the mid 1990's, Mosfilm had no presence in the United States. St. Petersburg was the first entity to distribute Mosfilm titles in the United States, which it commenced in the mid 1990's by virtue of earlier contracts with Krupny Plan. The overall market at that time had many problems, including: (1) there were various entities in Russia disputing the ownership of films; (2) the U.S. market for older Russian language movies is limited; (3) there was no promotion for these movies; and (4) there was no enforcement of the Russian copyrights, meaning that these movies were available for sale for a few dollars in many venues, such as grocery stores and dry cleaners.

18.     St. Petersburg was committed to developing a serious market, and trying to leverage the Russian speaking public. To that end, St. Petersburg was prepared to undertake a variety of actions including: (1) promotion; and (2) enforcing the copyrights. However, this was a very large undertaking for a speculative market. Further, the majority of St. Petersburg's business is the sale of Russian language books – both new and classics. Further, the film purchasing public is interested in purchasing new films and/or Russian language versions of American films.

19.     The deterioration of the relationship between St. Petersburg and Krupny Plan is the subject of another lawsuit currently pending before this Court. However, it is St.

- 5 -

Petersburg's position that it had a valid enforceable license to the works of Mosfilm. Nonetheless, when the other lawsuit was brought, and at all times thereafter, St. Petersburg treated the license to the Mosfilm works as terminated.

20.     Although its video market is quite small, beginning in 2003, St. Petersburg began purchasing finished DVDs from an entity known as Deandown, Ltd. d/b/a Russian Cinema Council or Russico ("Russico").

21.     Because of problems which occurred in the case *Films by Jove et al. v. Joseph Berov et al.*, as well as other matters, St. Petersburg restructured.     The aforementioned restructuring included a change in management, as well as change in ownership.  Joseph Berov, who previously was the president of the company, no longer works for the company, nor does he have an ownership interest in the company.  This restructuring also included paradigm shifts for management, including settling the *Films by Jove* case and doing business with companies such as Russico.

## III.     Facts Common to All Causes Action – The Parties: Defendants

22.     It is unclear what Ms. Ganem's background is.  Upon information and belief, Ms. Ganem visited this country on a visitor's visa.  Upon information and belief Ms. Ganem obtained entry into this country by alleging that she was married to a citizen of the United States.  Upon information and belief, throughout her marriage to this unnamed individual, Ms. Ganem was living in the United States with the attorney for Krupny Plan.

- 6 -

23.     In 1999, Ms. Ganem visited St. Petersburg and identified herself as an employee of Krupny Plan. Upon information and belief, Ms. Ganem was never an employee of Krupny Plan.

24.     Upon information and belief, in 1999 Ms. Ganem commenced a personal relationship with Vladimir Traynin, the head of a company called Mosvideofilm.   Upon information and belief, at that time, Ms. Ganem started a company owned by herself and, Mr. Traynin, and Vicktor Rabinkov, the president of Krupny Plan. Upon information and belief, the company established by Ms. Ganem, Mr. Traynin and Mr. Rabinkov was called Close-Up USA, Inc.

25.     Upon information and belief, after Ms. Ganem and Mr. Traynin ended their professional relationship, in January 2000, Ms. Ganem commenced a relationship with Michael Sheydin, a former employee of St. Petersburg.  Mr. Sheydin was fired from St. Petersburg for stealing from the company.  Upon information and belief, in January 2000, Ms. Ganem, Mr. Sheydin, Mr. Rabinkov and Vadim Abramov formed a company called Close-Up International, Inc.

26.     Upon information and belief, Mr. Rabinkov owns sixty percent (60%) of Close-Up and Mr. Abramov owns forty percent (40%) of Close-Up.

## IV.     Facts Common to All Causes Action -- The Russian Films At Issue

27.     Upon information and belief, on or about October 7, 1999, Mosfilm entered into a contract with Russico granting Russico the right, *inter alia*, to produce and distribute copies of

- 7 -

various motion pictures (the "Russico Films"). The title of those motion pictures is included herewith as Exhibit 1.

28.    Upon information and belief, on or about January 2, 2005, Mosfilm entered into a contract with Russico granting Russico the right, *inter alia*, to produce and distribute copies of the Russico Films through December 31, 2007.

29.    During a deposition in another matter on March 15, 2005, Ms. Ganem appeared at a deposition and testified that she was appearing as the corporate representative of Close-Up, Krupny Plan and Mosfilm (the "March 15, 2005 Deposition").

30.    At the March 15, 2005 deposition, Ms. Ganem testified that Russico has the right to distribute the Russico Films.

31.    At the March 15, 2005 Deposition Ms. Ganem testified that there is an overlap between the Russico Films and the motion pictures to which Close-Up claims a license.

32.    At her March 15, 2005 Deposition, Ms. Ganem testified that Russico could distribute these films so long as they contain subtitles.

33.    Upon information and belief, in 2003, Close-Up brought a lawsuit against a company called Balalaika, Inc. in the United States District Court for the Northern District of Illinois (the "Balalaika Action").

34.    Upon information and belief, in the Balalaika Action, Close-Up entered into a consent judgment whereby it agreed that it had no right to preclude Balalaika from distributing

- 8 -

copies of the Russico Films, so long as the same were provided by Russico and contained subtitles.

35.     Beginning in 2003, St. Petersburg began purchasing from Russico DVD copies of the Russico Films which are manufactured and sold to St. Petersburg by Russico (the "Russico DVDs").

36.     The Russico DVDs contain subtitles.

37.     St. Petersburg sells the Russico DVDs in its stores.

38.     St. Petersburg has sold DVDs of the Russico DVDs to other retail outlets.

## V.     Facts Common to All Causes Action – The Improper Conduct of Defendants

39.     Ms. Ganem and Close-Up commenced a campaign aimed at St. Petersburg and St. Petersburg's customers, accusing both St. Petersburg and its customers of copyright infringement. The allegations of copyright infringement are based solely on the distribution of the Russico DVDs.

40.     Ms. Ganem, on behalf of herself and Close-Up, has written letters and telephoned St. Petersburg's customers in furtherance of this campaign.

41.     Ms. Ganem's telephone calls and letters threaten immediate action.

42.     In the aforementioned correspondence, Ms. Ganem states that she has already obtained a victory in another matter against St. Petersburg before this Court. These allegations are incorrect.

- 9 -

43.     Throughout all of her correspondence, Ms. Ganem refers to St. Petersburg and Joseph Berov as interchangeable. Ms. Ganem does this despite being informed that Mr. Berov: (1) has been divested of his ownership interest in St. Petersburg, (2) Mr. Berov no longer is an employee, director, officer or otherwise involved in the management of St. Petersburg.

44.     Despite the contracts between Russico and Mosfilm, her own deposition testimony and the consent judgment in the Balalaika Action, Ms. Ganem has urged that Close-Up has the "exclusive" right to distribute the films embodied in the Russico DVDs.   Upon information and belief, these statements are incorrect.

45.     Upon information and belief, Ms. Ganem, on behalf of herself and Close-Up, has also sent letters to St. Petersburg's customers with a long list of films, indicating that Close-Up is the exclusive distributor of "some" of the titles on the list, and that all purchases should be made through Close-Up.

46.     Upon information and belief, Ms. Ganem, on behalf of herself and Close-Up, has sent letters to St. Petersburg and its customers stating that Close-Up owns the exclusive rights to films that are in the public domain. Upon information and belief, these statements are incorrect.

47.     Upon information and belief, Ms. Ganem, on behalf of herself and Close-Up, has sent letters to St. Petersburg and its customers stating that Close-Up owns the exclusive rights to films that are owned by third parties. Upon information and belief, these statements are incorrect.

48.     Upon information and belief, Ms. Ganem, on behalf of herself and Close-Up, has taken the position that she owns catalogues of films owned by third parties. For instance, Ms.

- 10 -

Ganem and her attorney have publicly stated that Close-Up rightfully owns films that this Court already determined are owned by a company called Films by Jove.

49.     Ms. Ganem's letters threaten that she will bring one or more civil actions against St. Petersburg.. Ms. Ganem has also threatened that she will bring civil actions against Natalia Orlova.

50.     Ms. Ganem's letters threaten that she will bring one or more civil actions against St. Petersburg's customers. Ms. Ganem has also threatened that she will bring civil actions against individuals associated with these customers.

51.     Upon information and belief, Close-Up has been a financial failure. Upon information and belief, Close-Up's main business is threatening companies with baseless lawsuits in the hope of extracting unreasonable settlements. Upon information and belief, Ms. Ganem seeks financial information from St. Petersburg and its customers with the hope of attempting to seize channels of trade for Close-Up.

52.     As a result of the letters sent and telephone calls made by Ms. Ganem, St. Petersburg's clients have returned Russico DVDs to St. Petersburg.

53.     As a result of the letters sent and telephone calls made by Ms. Ganem, St. Petersburg's clients have failed to make new orders of the Russico DVDs from St. Petersburg.

54.     As a result of the letters sent and telephone calls made by Ms. Ganem, St. Petersburg's clients have failed to make new orders of other products from St. Petersburg.

- 11 -

## AS AND FOR A FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement)

55. To the extent applicable, St. Petersburg realleges and incorporates by reference all of the foregoing paragraphs, as though fully set forth herein.

56. This cause of action arises under the under 28 U.S.C. § 2201 and the Copyright Act, 17 U.S.C. § 101 et seq.

57. U.S. copyright law protection extends to all of the copyrightable expression embodied in audiovisual works, such as motion pictures.

58. Upon information and belief, Mosfilm is the owner of all worldwide rights, title and interest in and to the Russico Films.

59. Upon information and belief, through December 31, 2007, Mosfilm has transferred to Russico all rights, title and interest in and to the U.S. Copyrights that cover the Russico Films.

60. St. Petersburg's exploitation of the Russico Films has been only through its exploitation of the Russico DVDs.

61. Ganem and Close-Up have threatened St. Petersburg with bringing an action for copyright infringement against St. Petersburg as a result of St. Petersburg's exploitation of the Russico DVDs.

62. Ganem and Close-Up have threatened St. Petersburg with bringing an action for copyright infringement against St. Petersburg's customers as a result of St. Petersburg's customers' exploitation of the Russico DVDs.

- 12 -

63.     In light of the threats by Ganem and Close-Up, St. Petersburg is in the unacceptable position of having to forego its own rights or ignore the threats by Ganem and Close-Up.

64.     By virtue of the foregoing, St. Petersburg has a reasonable apprehension that it and/or its customers will face a suit for infringement of the copyrights covering the Russico Films, or continued threats for the same, as it tries to exploit its inventory of the Russico DVDs.

65.     By virtue of the foregoing, an actual controversy exists between St. Petersburg on the one hand and Ganem and Close-Up on the other, regarding whether the exploitation of the Russico DVDs infringes one or more of the copyrights owned or controlled by Ganem and/or Close-Up.

66.     Upon information and belief, St. Petersburg's exploitation of the Russico DVDs does not infringe any copyright(s) owned and/or controlled by Close-Up.

67.     St. Petersburg is entitled to a declaration that its exploitation of the Russico DVDs does not infringe any copyright(s) owned or controlled by Ganem or Close-UP, either directly or by active inducement or contributory infringement.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Unfair Competition Under the Lanham Act, 15 U.S.C. § 1051 et seq.)

68.     To the extent applicable, St. Petersburg realleges and incorporates by reference all of the foregoing paragraphs, as though fully set forth herein.

69.     This cause of action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

70.     Upon information and belief, Defendants, in connection with the goods and services of copyright licensing, have made false and misleading descriptions of fact in order to convince third parties to purchase the Russico Films from Defendants.

- 13 -

71. Upon information and belief, Defendants, in connection with the goods and services of copyright licensing, have made false and misleading descriptions of fact in order to convince third parties to purchase the Russico DVDs are copyright infringements.

72. Upon information and belief, Defendants have made statements that the Russico DVDs infringe copyrights that are owned and/or controlled by defendants.

73. Upon information and belief, the foregoing statements have been made in commerce.

74. The foregoing statements are false and/or misleading descriptions of fact and/or representations of fact.

75. Upon information and belief, the foregoing statements made by defendants are likely to cause confusion, or to cause mistake as to the origin of Close-Up's goods and/or commercial activities.

76. Upon information and belief, the foregoing statements misrepresent the nature, characteristics and qualities of St. Petersburg's goods and commercial activities,

77. Upon information and belief, Defendants' conduct complained of herein has convinced third parties that Defendants are the rightful owners of the copyrights in and/or to the Russico Films and/or Russico DVDs.

78. Defendants' representations have caused financial damage to St. Petersburg.

79. Defendants' representations have caused damage to St. Petersburg's reputation.

80. Upon information and belief, the relevant public has been confused as to the ownership of the Russico Films and Russico DVDs as a result of Defendants' conduct.

81. Upon information and belief, Defendants will continue to engage in unfair competition unless enjoined by this Court.

- 14 -

82.    St. Petersburg will continue to be harmed by Defendants' conduct unless there is
Court intervention.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Tortious Interference with Contract)

83.    To the extent applicable, St. Petersburg realleges and incorporates by reference all
of the foregoing paragraphs, as though fully set forth herein.

84.    This cause of action arises under the laws of the state of New York, and this Court
has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as well as under 28 U.S.C. § 1367.

85.    St. Petersburg has contracts to provide its customers with various products,
including the Russico DVDs.

86.    Upon information and belief, Close-Up and Ganem are aware that St. Petersburg
has agreements to provide to its customers, *inter alia*, the Russico DVDs.

87.    Upon information and belief, Close-Up and Ganem aware that St. Petersburg is
paid for providing the Russico DVDs to its customers.

88.    As a result of the conduct by Close-Up and Ganem, St. Petersburg's customers
have either failed to pay for the Russico DVDs or demanded that St. Petersburg reimburse them
for the Russico DVDs.

89.    The aforementioned actions of Close-Up and Ganem have damaged St.
Petersburg.

90.    St. Petersburg has been damaged by its customers actions of failing to abide by
contracts for the payment of the Russico DVDs and/or the demand for reimbursement for the
Russico DVDs.

- 15 -

91.     Upon information and belief, Defendants will continue to engage in this conduct
unless enjoined by this Court.

92.     St. Petersburg will continue to be harmed by Defendants' conduct unless there is
Court intervention.

### AS AND FOR A FOURTH CAUSE OF ACTION

### (Tortious Interference with Prospective Economic Advantage)

93.     To the extent applicable, St. Petersburg realleges and incorporates by reference all
of the foregoing paragraphs, as though fully set forth herein.

94.     This cause of action arises under the laws of the state of New York, and this Court
has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as well as under 28 U.S.C. § 1367.

95.     St. Petersburg has relationships with various third parties that are wholesalers of
Russian language products, including video products.

96.     St. Petersburg has an expectation that these relationships would result in contracts
or other economic benefit to St. Petersburg, including these third parties ordering products from
St. Petersburg.

97.     Upon information and belief, Close-Up and Ganem are aware of these
relationships and St. Petersburg's expectations.

98.     Upon information and belief, Close-Up and Ganem have taken actions aimed at
disrupting these relationships, including, *inter alia*, stating to third parties that St. Petersburg has
been found to have infringed copyrights belonging to Close-Up including, among others, the
Russico Films.

99.     Upon information and belief, Close-Up and Ganem have taken actions aimed at
disrupting these relationships, including, *inter alia*, stating to third parties that St. Petersburg has

- 16 -

no right to distribute the Russico DVDs and/or that the Russico DVDs distributed by St.
Petersburg violate copyrights.

100.    Upon information and belief, the actions of Close-Up and Ganem have disrupted
these relationships, and these third parties have not done business with St. Petersburg.

101.    Upon information and belief, the aforementioned conduct of Close-Up and
Ganem has directly resulted in damage to St. Petersburg.

102.    Upon information and belief, Defendants will continue to engage in this conduct
unless enjoined by this Court.

103.    St. Petersburg will continue to be harmed by Defendants' conduct unless there is
Court intervention.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief on and respectfully request that the Court:

(a)    On the First Cause of Action, a declaration that St. Petersburg's
exploitation of the Russico films does not infringe any copyright owned or
controlled by defendants, or either of them, either directly, or by active
inducement or contributory infringement;

(b)    require Defendants, their agents, servants, employees, affiliates, licensees
and assignees to account for all sums collected as a result of their unlawful acts;

(c)    pierce the corporate veil against defendant Close-Up, Inc.;

(d)    award Plaintiff actual damages in an amount to be determined at trial;

(e)    award to Plaintiff exemplary damages in an amount to be determined by
the ultimate trier of fact;

(f)    award Plaintiff full costs for this action pursuant to 17 U.S.C. § 505;

- 17 -

(g)    award Plaintiff reasonable attorney fee for this action pursuant to 17

U.S.C. § 505;

(h)    enjoin Defendants, their agents, servants, employees, affiliates, licensees

and assignees from all illegal acts complained of herein; and

(i)    award Plaintiff any further relief as justice may require, or as this Court

deems necessary.

Respectfully submitted,

**Dated:**    August 25, 2005        By: _____
New York, New York              Oren J. Warshavsky  (OW 9469)
**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.**
One Pennsylvania Plaza, 37ᵗʰ Floor
New York, New York 10119
Telephone: (212) 649-4700
Facsimile: (212) 333-5980
Personal Facsimile: (973) 639-8382

*Attorneys for Plaintiff
Russian Entertainment Wholesale, Inc
d/b/a St. Petersburg Publishing House*

- 18 -

## DEMAND FOR JURY TRIAL

Plaintiff Russian Entertainment Wholesale, Inc. d/b/a St. Petersburg Publishing House

hereby requests a jury trial for all claims as provided for in Federal Rule of Civil Procedure 38.

Respectfully submitted,

Dated:   August 25, 2005
New York, New York

By: _____
Oren J. Warshavsky (OW 9469)
**GIBBONS, DEL DEO, DOLAN,
GRIFFINGER & VECCHIONE, P.C.**
One Pennsylvania Plaza, 37th Floor
New York, New York 10119
Telephone: (212) 649-4700
Facsimile: (212) 333-5980
Personal Facsimile: (973) 639-8382

*Attorneys for Plaintiff
Russian Entertainment Wholesale, Inc.
d/b/a St. Petersburg Publishing House*

#1009657 v1
103806-46596