

11-957-cv (L)
Close-Up Int'l, Inc. v. Russ. Entm't, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of May, two thousand twelve.

PRESENT:  GUIDO CALABRESI,
          REENA RAGGI,
          DENNY CHIN,
              *Circuit Judges.*

-----------------------------------------------------------------------
RUSSIAN ENTERTAINMENT WHOLESALE, INC.,
d/b/a St. Petersburg Publishing House,
       *Plaintiff*,

              v.                                       Nos. 11-957-cv (L);
                                                       11-1313-cv (CON)
CLOSE-UP INTERNATIONAL, INC., NATASHA
GANEM,
       *Defendants.*
-----------------------------------------------------------------------
CLOSE-UP INTERNATIONAL, INC.,
       *Counter-Claimant, Third-Party-
       Plaintiff Appellant*,

              v.

RUSSIAN ENTERTAINMENT WHOLESALE, INC.,
d/b/a St. Petersburg Publishing House,
       *Counter-Claim Defendant*,

MANDATE

MANDATE ISSUED ON 07/11/2012

IMAGE ENTERTAINMENT, INC., DEANDOWN,
LTD., DVD EXPO, LLC, WIDNES ENTERPRISES,
LTD., ROMAN DIKHTYAR, JOSEPH BEROV,
NATALIA ORLOVA,
        *Third-Party-Defendants Appellees.*

------------------------------------------------------------------------

IMAGE ENTERTAINMENT, INC.,
        *Cross-Appellant*,

v.

CLOSE-UP INTERNATIONAL, INC.,
        *Cross-Appellee*.[*]

------------------------------------------------------------------------

APPEARING FOR APPELLANT:    JULIAN H. LOWENFELD, Esq., New York, New York.

APPEARING FOR APPELLEES:    CHRISTOPHER P. BEALL (David A. Schulz, *on the brief*), Levine Sullivan Koch & Schulz, LLP, New York, New York, *for* Image Entertainment, Inc.

                                  ALEXANDER BERKOVICH, Esq., Brooklyn, New York, *for* Deandown, Ltd., DVD Expo, LLC, Widnes Enterprises, Ltd., Roman Dikhtyar.

Appeal from a judgment, and cross-appeal from a post-judgment order, of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 4, 2011, and the post-judgment order entered on March 18, 2011, are both AFFIRMED.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

Third-Party-Plaintiff Close-Up International, Inc. ("Close-Up") appeals from a judgment entered after a bench trial in favor of Third-Party-Defendants Image Entertainment, Inc. ("Image"); Deandown, Ltd., DVD Expo, LLC, Widnes Enterprises, Ltd., and Roman Dikhtyar (collectively, the "RUSCICO Parties"[1]); Joseph Berov; and Natalia Orlova on Close-Up's copyright infringement claims. See 17 U.S.C. § 501(b). Image, in turn, cross-appeals an order denying its post-judgment motion for attorney's fees. See id. § 505. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm the judgment and the fees order.

1. Merits

Close-Up argues that the district court erred in ruling that neither Image nor the RUSCICO Parties infringed Close-Up's exclusive rights in various Russian-language films. See id. § 501(b). On appeal, we review the district court's findings of fact for clear error and its conclusions of law de novo. See Barclays Capital, Inc. v. Theflyonthewall.com, Inc., 650 F.3d 876, 890 (2d Cir. 2011).

Federal copyright law provides that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b) (emphasis added); see Davis v. Blige, 505 F.3d 90, 101 (2d Cir. 2007). In identifying Close-Up's "particular right[s]" in the films under its agreements with its Russian parent,

---

[1] RUSCICO, which stands for Russian Cinema Council, is the trademark under which these defendants distributed DVDs of classic Russian-language films.

Kinovideoobyedinenie Krupny Plan ("Krupny Plan"), which Krupny Plan in turn obtained directly or indirectly from two former Soviet Union state enterprises, Federal State Unitary Enterprise Kinkostern Mosfilm ("Mosfilm") and Federal State Unitary Enterprise Film Fund Lenfilm ("Lenfilm"), we apply ordinary contract law principles. See Video Trip Corp. v. Lightning Video, Inc., 866 F.2d 50, 52 (2d Cir. 1989); 3 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 10.08[A] (2011). As no party challenges the district court's determination that New York contract law should govern here, we do not consider the effect of Russian choice-of-law provisions in the agreements. See Fed. R. Civ. P. 44.1 (requiring party that intends to rely on foreign law to provide notice of such intent by pleading or other writing); see, e.g., Clarkson Co. v. Shaheen, 660 F.2d 506, 512 n.4 (2d Cir. 1981) (concluding that district court was not obliged to take judicial notice of foreign law where neither party disputed applicability of forum state's substantive law).

Under New York law, a contract must be enforced according to the plain meaning of its terms unless those terms are ambiguous as to the parties' intent. See Lockheed Martin Corp. v. Retail Holdings, N.V., 639 F.3d 63, 69 (2d Cir. 2011). Like the district court, we identify no such ambiguity here. As such, we need not consider any of the extrinsic evidence submitted by the parties at the bench trial. See id.

Mosfilm's December 2, 2002 agreement with Krupny Plan transferred "the exclusive right for reproduction and duplication on DVD video discs [of the films] . . . as well as the exclusive right for distribution . . . , in the original version in Russian language, as well as with subtitles and voice-overs in languages of countries formed on the territory of the former

4

Soviet Union." J.A. 212.  By contrast, Mosfilm reserved all "rights to use the Films with subtitles and voice-overs in other languages." Id.  Mosfilm's subsequent January 1, 2008 agreement with Krupny Plan transferred "the exclusive license for playback on home video media . . . , distribution . . . , rent . . . , as well as import . . . for the purposes of distribution" of the films in the United States and Canada, "to be used in the original version (in the Russian language) as well as with subtitles and voice-overs in the English language with regard to [certain films] and only in the original version (Russian language) with regard to" other films.  Id. at 217 (emphasis added).  Similarly, Klassik Film, LLC's ("Klassik Film") July 20, 2003 agreement with Krupny Plan transferred "the exclusive right of reproduction and playback, including as subtitled and dubbed versions in languages of the countries formed on the territory of the former Soviet Union," while reserving "[t]he rights of use of subtitled and dubbed versions of the Films in other languages."  Id. at 222.[2]

Having received only limited exclusive rights in the films through those agreements, on March 1, 2004, Krupny Plan transferred to Close-Up "the exclusive right for reproduction of the original versions in the Russian language on DVD video discs . . . and the exclusive right for distribution through wholesale and retail sale for home use on the territory of the USA and Canada."  Id. at 237.  Subsequently, on January 1, 2008, Krupny Plan transferred to Close-Up exclusive licenses to reproduce or distribute certain films "only in the original

---

[2] Lenfilm had earlier transferred exclusive rights to Lenfilm-Video, LLC ("Lenfilm-Video") using virtually identical limiting language.  Lenfilm-Video, in turn, transferred exclusive rights in the films to Klassik Film without such express limitations.

5

version (in the Russian language)" and in other films "only in the original version (in the Russian language), as well as with English subtitles and voice-overs." Id. at 256.

The scope of the exclusive rights Close-Up obtained through these agreements did not include the right to reproduce or to distribute non-Russian language DVDs or multilingual DVDs, with the single exception (after January 1, 2008) of DVDs of certain Mosfilm titles offering only English-language soundtrack or subtitle options. Rather, with the single noted exception, Close-Up obtained only the exclusive right to reproduce and distribute Russian-language-only DVDs. We recognize that DVD technology makes it possible for a viewer to choose among multiple soundtrack and subtitle options and, thus, that a DVD of a Russian film featuring, e.g., Spanish-language options could be programmed to allow a viewer to watch (1) the original Russian soundtrack with Spanish subtitles, (2) a Spanish soundtrack with no subtitles, or (3) the original Russian soundtrack with no subtitles. Close-Up—and its predecessors-in-interest—could have foreseen this technological possibility and bargained for different contractual language expressly precluding distributors of multilingual DVDs from making option (3) available to viewers of their DVDs. They did not. In this regard, the various agreements' silence is conclusive. Cf. Random House, Inc. v. Rosetta Books LLC, 283 F.3d 490, 491 (2d Cir. 2002) (in copyright context, noting New York's "restrictive view of the kinds of 'new uses' to which an exclusive license may apply when the contracting parties do not expressly provide for coverage of such future forms").[3]

---

[3] Close-Up's reliance on cases such as Harper & Row Publishers v. Nation Enterprises, 471 U.S. 539 (1985), and Sheldon v. Metro-Goldwyn Pictures Corp., 81 F.2d

Thus, Close-Up may only bring suit under § 501(b) based on infringement of its exclusive right, i.e., after March 1, 2004, to produce or distribute Russian-language-only DVDs, or after January 1, 2008, with regard to a subset of the Mosfilm works, to produce or distribute Russian-and-English-language-only DVDs. The district court did not err—let alone clearly err—in finding that Close-Up failed to prove direct infringement of those particular exclusive rights by either Image or the RUSCICO Parties. Indeed, Close-Up's briefs on appeal do not point to any error by the district court in that finding.

Close-Up further argues that Image and the RUSCICO Parties can be held liable for contributory or vicarious infringement based on their facilitation of individual viewers' direct infringement, i.e., watching multilingual DVDs with the original Russian soundtrack and no subtitles. See Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 930 (2005) (discussing secondary copyright liability doctrines); accord Tiffany (NJ) Inc. v. eBay, Inc., 600 F.3d 93, 103–04 (2d Cir. 2010). Despite Image's assertion to the contrary, Close-Up pleaded contributory and vicarious infringement claims in its complaint in the district court. Moreover, Close-Up discussed both of these theories of secondary liability in its pre-trial brief, as well as in its post-trial brief.

Insofar as the district court did not specifically address these secondary infringement claims, no remand is required because the claims fail as a matter of law. See, e.g., Otal Invs. Ltd. v. M.V. Clary, 494 F.3d 40, 55–56 (2d Cir. 2007) (resolving issue overlooked by district

---

49 (2d Cir. 1936), is misplaced. These cases did not involve § 501(b) and, thus, do not speak to the issue in dispute here: the scope of exclusive rights under a license.

court at bench trial as matter of law on appeal). Close-Up's only exclusive rights were in the <u>reproduction</u> and <u>distribution</u> of the films. Unlike some of its predecessors-in-interest, Close-Up did not obtain any exclusive <u>use</u> or exclusive <u>playback</u> right in the films. Thus, because a viewer's playback of a multilingual DVD in the Russian language would not infringe Close-Up's exclusive reproduction or distribution rights, Close-Up's secondary infringement claims are without merit. See <u>Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.</u>, 545 U.S. at 931 (requiring evidence of direct infringement to support claim for contributory and vicarious copyright infringement).

  Having concluded that the district court correctly found no infringement of Close-Up's exclusive rights by Image or the RUSCICO Parties, we need not consider the parties' arguments about whether Image or the RUSCICO Parties properly obtained licenses to reproduce and distribute multilingual DVDs from Mosfilm and Lenfilm, and about whether Image and the RUSCICO Parties complied with license terms. Any such claims—whether sounding in copyright or contract—could be pursued by Mosfilm and Lenfilm, but not by Close-Up. See <u>Eden Toys, Inc. v. Florelee Undergarment Co.</u>, 697 F.2d 27, 36 (2d Cir. 1982) (recognizing § 501(b)'s limits on licensee's copyright infringement claims), <u>superseded on other grounds by</u> Fed. R. Civ. P. 52(a) (1985); <u>Mendel v. Henry Phipps Plaza W., Inc.</u>, 6 N.Y.3d 783, 786–87, 811 N.Y.S.2d 294, 397 (2006) (recognizing that only parties to contract and intended third-party beneficiaries have standing to sue for breach).[4]

---

[4] Close-Up's reliance on <u>Gilliam v. American Broadcating Cos.</u>, 538 F.2d 14 (2d Cir. 1976), is misplaced because the plaintiffs there were the original copyright holders, rather

Moreover, because we conclude that the district court correctly found no infringement, we also necessarily conclude that Close-Up is not entitled to recover statutory damages for willful infringement. See 17 U.S.C. § 504(c)(2).

2.   Fees

Image faults the district court's denial of its post-judgment motion for an award of attorney's fees pursuant to 17 U.S.C. § 505. In a copyright infringement action, a district court "may . . . award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505 (emphasis added); see Bryant v. Media Right Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010). Because an award of fees pursuant to § 505 is discretionary, not mandatory, we review the denial of a fee motion under a "highly deferential" abuse of discretion standard. Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc., 290 F.3d 98, 117 (2d Cir. 2002). We identify no such abuse here.

Though the district court's electronic order denying fees did not set forth all four of the factors described as potentially relevant in Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 n.19 (1994), it expressly relied on the third factor—"objective unreasonableness (both in the factual and in the legal components of the case)," id.—which we require "be given substantial weight in determining whether an award . . . is warranted." Matthew Bender & Co. v. West Pub. Co., 240 F.3d 116, 122 (2d Cir. 2001). Like the district court, we conclude that, while Close-Up's merits arguments were ultimately unpersuasive, its claims against

---

than licensees, see id. at 17, and thus plainly would have had standing to pursue either copyright or contract claims against the defendants.

Image and the RUSCICO Parties were neither legally nor factually unreasonable. Moreover, although Close-Up's purported rejection of a reasonable settlement offer is a factor that the district court could reasonably have considered in this case, see <u>Bryant v. Media Right Prods., Inc.</u>, 603 F.3d at 144, we have never required that district courts consider expressly such matters, and we decline to impose such a new requirement here.

3.   <u>Conclusion</u>

For the foregoing reasons, the district court's judgment and post-judgment fees order are both AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court



A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

0